IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

REDROCK TRADING PARTNERS, LLC *
and COMAAR CAPITAL INTERNATIONAL *
CORPORATION, *
 *
 Plaintiffs, *
 *
 v. * CV 113-043
 *
BAUS MANAGEMENT CORPORATION; *
B.A.U.S. SP. Z O.O.; B.A.U.S. *
ADVANCED TECHNOLOGIES SP. Z O.O.;*
MONIKA ANNA BAUS; and FRANZ *
JOSEF BAUS, *
 *
 Defendants. *

O R D E R

Presently pending before the Court is Defendant B.A.U.S. Advanced Technologies' ("B.A.U.S. AT") motions to dismiss for lack of personal jurisdiction (Doc. 24) and insufficient process and service of process (Doc. 25). For the reasons stated below, B.A.U.S. AT's motion to dismiss for lack of personal jurisdiction is **GRANTED** and its motion to dismiss for insufficient process and service of process is **DENIED AS MOOT**. Additionally, and pursuant to this Court's order dated August 4, 2014 (Doc. 34), Defendant Franz Josef Baus is hereby **DISMISSED WITHOUT PREJUDICE**. Finally, Plaintiffs shall have **TEN (10) DAYS** from the date of this Order to **SHOW CAUSE** as to why the Court

should not dismiss without prejudice the remaining defendants for lack of personal jurisdiction.

## I. BACKGROUND

On March 8, 2013, Redrock Trading Partners LLC and Comaar Capital International Corporation ("Plaintiffs") filed their complaint against Defendants Baus Management Corporation ("Baus Management"), B.A.U.S. sp. z o. o ("B.A.U.S."), B.A.U.S. AT, Monika Anna Baus, and Franz Josef Baus alleging claims for breach of contract and fraud. (Doc. 1, "Compl.") Monika Baus is the President of Baus Management and an eighty percent shareholder of B.A.U.S. AT. (Compl. ¶ 6.) Franz Baus is a member of the management board of B.A.U.S. AT. (Id. ¶ 7.)

The dispute arises out of three contracts. The first contract was entered into on May 8, 2008, by Comaar Capital and Baus Management, represented by Monika Baus. (Compl., Ex. A.) In this contract, Baus Management retained Comaar's services to obtain capital investment up to $6,000,000.00, and Comaar was to receive ten percent of the amount Baus Management received from investors as its fee. (Id.) The contract contained the following forum selection clause:

> The Company irrevocably consents to the jurisdiction of the courts of the Quebec and Canada and of any federal court located in such State in connection with any action or proceeding arising out of, or relating to, this Agreement, any document or instrument

2

delivered pursuant to, in connection with, or simultaneously with this Agreement, or a breach of this Agreement or any such document or instrument.

(Id.)

In the second contract dated September 3, 2008, Baus Management retained Redrock Trading Partners' services to obtain capital investment up to $6,000,000.00, with a fee for Redrock equal to six percent of the amounts received. (Id., Ex. B.) The final contract was entered into by Plaintiffs and Monika Baus on behalf of Baus Management on September 3, 2008. (Id., Ex. C.) This third contract was a "Non-Circumvent Agreement" whereby the parties agreed that all corporations, including all divisions, subsidiaries, employees, agents, or consults would not enter into any transaction with any other party so as to prevent any party from receiving fees, profits, commissions, etc. (Id.)

Defendant Monika Baus filed her answer on December 4, 2013 (Doc. 6), and a motion to dismiss under Rule 4(m) of the Federal Rules of Civil Procedure on December 11, 2013 (Doc. 8). In Ms. Baus' answer, she asserts that neither personal jurisdiction nor venue is proper before this Court. (Id.) B.A.U.S. AT filed an identical motion to dismiss on December 11, 2013, and both motions were denied on August 4, 2014. (Docs. 8, 34.) Defendant B.A.U.S. AT filed its answer on December 23, 2013. (Doc. 9.) Thereafter, Defendant B.A.U.S. AT moved for, and was

granted, leave to file amended and supplemental pleadings and motions. (Docs. 18, 21.) Defendant B.A.U.S. AT filed its current motions to dismiss on June 2, 2014. (Docs. 24, 25.)

## II. MOTION TO DISMISS STANDARD

"In the context of a motion to dismiss for lack of personal jurisdiction in which no evidentiary hearing is held, the plaintiff bears the burden of establishing a prima facie case of jurisdiction over the movant, nonresident defendant." Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). The plaintiff establishes a prima facie case by presenting "enough evidence to withstand a motion for directed verdict." Madera v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990). A party presents enough evidence to withstand a motion or directed verdict by putting forth "substantial evidence . . . of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions . . ." Walker v. Nations Bank of Fla., 53 F.3d 1548, 1554 (11th Cir. 1995). The facts presented in the plaintiff's complaint are taken as true to the extent they are uncontroverted. Foxworthy v. Custom Trees, Inc., 879 F. Supp. 1200, 1207 n.10 (N.D. Ga. 1995). If, however, the defendant submits affidavits challenging the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting

4

jurisdiction. Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257 (11th Cir. 2010). If the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, the court must construe all reasonable inferences in favor of the plaintiff. Id. (citing Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)).

To determine whether a nonresident defendant is subject to personal jurisdiction, the Court must perform a two-part analysis. Id. at 1257-58. First, the Court must determine whether the exercise of personal jurisdiction is proper under the state's long-arm statute. Id. Next, the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. Id.; Int'l Shoe Co. v. Wash. Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945).

The Eleventh Circuit has held that "the Georgia long-arm statute does not grant courts in Georgia personal jurisdiction that is coextensive with procedural due process," but instead "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Diamond Crystal Brands, Inc., 593 F.3d at 1259. "[C]ourts must apply the specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of,

5

and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.

### III. DISCUSSION

Defendant B.A.U.S. AT contends that this Court lacks personal jurisdiction over it, and the complaint should thus be dismissed. Upon review of the record, the Court also addresses Defendant Monika Baus'[1] assertion that the Court lacks personal jurisdiction over her. Finally, the Court addresses the dismissal of Defendant Franz Baus.[2]

**A. Defendant B.A.U.S. AT**

Defendant B.A.U.S. AT moves this Court to dismiss the complaint against it pursuant to Rule 12 of the Federal Rules of Civil Procedure, asserting that this Court lacks personal jurisdiction over it and that service and process were insufficient. Because this Court finds that it lacks personal

---

[1] Defendant Monika Baus' answer states that "[p]ersonal jurisdiction and venue are not proper before this Court based upon consent of the parties in choice of law and forum selection clauses as Monika Anna Baus did not agree, accept or sign such a clause. Monika Anna Baus did not consented (sic) to the United States District Court Southern District of Georgia jurisdiction." (Doc. 6 ¶ 8.) Thus, and in light of the liberal standards afforded to a *pro se* litigant's pleadings, the Court additionally addresses Defendant Monika Baus' contention. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] On August 4, 2014, this Court directed Plaintiffs to show cause as to why Defendant Franz Baus should not be dismissed without prejudice. (Doc. 34.) As that time has passed and Plaintiffs have failed to respond, the Court addresses that Defendant as well.

6

jurisdiction, it need not address Defendant B.A.U.S. AT's service argument.

It is undisputed that B.A.U.S. AT was not a party to any of the contracts at issue. Instead, Plaintiffs contend that this Court has personal jurisdiction over B.A.U.S. AT because the agreements, specifically the first contract (Compl., Ex. A) containing the forum selection clause, "were made and signed by Monika Baus, an 80% shareholder of Defendant BAUS AT" and "Monika Baus['] use of the corporate entities under her control or ownership . . . is at the heart of the entire case. It defies logic to state Defendant B.A.U.S. [AT] did not consent to the agreements when Defendant B.A.U.S. [AT] is essentially Monika Baus' alter ego." (Doc. 27 ¶ 4.) In fact, Plaintiffs assert that they do not seek to establish personal jurisdiction over B.A.U.S. AT through the Georgia long-arm statute, but that the Court has personal jurisdiction over B.A.U.S. AT because "it consented to [jurisdiction] in the [contract] signed May 8, 2008 by Monika Baus as President of Baus Management Corporation." (Id. ¶ 2.)

"Forum selection clauses are presumptively valid and enforceable unless the [defendant] makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009) (citing Carnival Cruise Lines, Inc.

7

v. Shute, 499 U.S. 585, 593-95 (1991)). These clauses are favored due to their ability to provide "certainty and predictability in the resolution of disputes." Conopco, Inc. v. PARS Ice Cream Co., No. 13-cv-1083-JSR, 2013 WL 5549614, at *5 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). Thus, forum selection clauses will only be considered unenforceable when:

> (1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the provisions would contravene a strong public policy.

Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1292 (11th Cir. 1998). However, forum selection clauses that do not apply to an ascertainable forum "undermine [the] goals [of predictability and certainty], and for that reason, courts refuse to enforce them." Conopco, 2013 WL 5549614, at *5 (citing Cent. Ohio Graphics, Inc. v. Alco Capital Res., Inc., 472 S.E.2d 2 (Ga. Ct. App. 1996) and A.I. Credit Corp. v. Liebman, 791 F. Supp. 427, 429 (S.D.N.Y. 1992)).

Here, the forum selection clause potentially provides for jurisdiction in any court north of Mexico. The clause allows for jurisdiction in the courts, both local and federal, of Quebec and Canada, as well as any federal court in "such State

8

in connection with any action or proceeding arising out of . . . this agreement."[3] (Compl., Ex. A.) It is entirely unclear from the record just how many of the fifty states could qualify. The Court finds that the forum selection clause at issue is impermissibly vague, contravening the strong public policy in its favor, and thus insufficient to support personal jurisdiction over Defendant B.A.U.S. AT. As such, Defendant B.A.U.S. AT's motion to dismiss for lack of personal jurisdiction is **GRANTED**.

B. **Defendants Monika Baus and Baus Management Corporation**

Defendant Monika Baus, a *pro se* litigant, asserted in her answer (Doc. 6) that neither personal jurisdiction nor venue were proper in the instant matter. As stated above, Plaintiffs bear the burden of alleging "sufficient facts to make out a prima facie case of jurisdiction." Louis Vuitton Malletier, S.A. v. Mosseri, 736 F.3d 1339, 1350 (11th Cir. 2013).

Here, Plaintiffs have failed to meet this burden. As above, the Court finds that the forum selection clause is

---

[3] Defendant B.A.U.S. AT argues that this language does not apply to the fifty United States, but rather the federal courts of Canada. This argument is of no avail. To read the clause as B.A.U.S. AT asserts would render the "any federal court located in such State" language meaningless, as surely the federal courts of Canada are also included in "the courts of the Quebec and Canada." (Compl., Ex. A.) See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1242 (11th Cir. 2009) ("We must read the contract to give meaning to each and every word it contains, and we avoid treating a word as redundant or mere surplusage if any meaning, reasonable and consistent with other parts, can be given to it." (internal quotation marks omitted)).

9

impermissibly vague and, thus, unenforceable. The Court then must look to the face of Plaintiffs' complaint to determine whether jurisdiction is proper before this Court. Plaintiffs' complaint simply asserts that Baus Management "irrevocably consented to the jurisdiction of the courts of any federal court . . . ." (Compl. ¶ 10.) It is undisputed that Defendant Monika Baus is a Polish citizen. (Id. ¶ 6.) Aside from those two statements — that Ms. Baus consented to jurisdiction and is a Polish citizen — the complaint provides no indication of facts or circumstances that would give rise to jurisdiction under Georgia's long arm statute, or that would be sufficient under the Due Process Clause. Accordingly, Plaintiffs are hereby **DIRECTED** to submit to this Court sufficient facts demonstrating personal jurisdiction as to all remaining defendants within **TEN (10) DAYS**. The failure to do so could result in dismissal of the complaint without prejudice.

C.  **Defendant Franz Baus**

As a final matter, in an Order dated August 4, 2014 (Doc. 34), the Court directed Plaintiffs to show cause within thirty days as to why Defendant Franz Baus should not be dismissed without prejudice for failure to effect service upon him. As nearly sixty days have passed with no response from Plaintiffs, the Court hereby **DISMISSES WITHOUT PREJUDICE** Defendant Franz Baus.

10

## III. CONCLUSION

For the reasons set forth above, Defendant B.A.U.S. AT's motion to dismiss for lack of personal jurisdiction (Doc. 24) is **GRANTED** and its motion to dismiss for insufficient service and process (Doc. 25) is **DENIED AS MOOT**. Additionally, Plaintiffs are **ORDERED** to **SHOW CAUSE** within **TEN (10) DAYS** from the date of this Order as to why the Court should not dismiss the remaining defendants without prejudice for want of personal jurisdiction. Finally, Plaintiffs' complaint against Defendant Franz Baus is **DISMISSED WITHOUT PREJUDICE**.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of October, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA